Matthias, J.
 

 That the demurrer to the petition, on the ground that the action was not brought within the time limited for the commencement of such action, obviously is not well founded. The facts stated in the petition show that an action, upon the claim set forth therein, was brought within one year after the cause of action accrued, as required by Section 11225, General
 
 Code;
 
 that in such action plaintiff failed otherwise than upon the merits; and that the instant action was commenced within one year thereafter as authorized by Section 11233, General Code.
 

 The general demurrer presents the question whether, giving the allegations in the petition every inference reasonably deducible therefrom, the plaintiff’s petition states a cause of action against the defendant.
 

 As above set forth, the first charge of slander was the statement that the plaintiff was ignoring the rights of her brothers and sisters and endeavoring wrongfully to prejudice them by asking the defendant to make a separate settlement of the judgment against her and her brothers and sisters.
 

 The action of the plaintiff in seeking such a settlement was expressly authorized' by the statutes of this state and could not have prejudiced her brothers and sisters as their rights are fully protected by such statutes.
 

 Sections 8079 to 8084, General Code, provide the methods by which joint debtors may individually
 
 *652
 
 compound or compromise their joint indebtedness.
 

 Section 8079, General Code, provides:
 

 “When a partnership is dissolved, by mutual consent or otherwise, any partner may make a separate-composition or compromise with any of its creditors. Such composition or compromise shall be a full and effectual discharge to the debtor who makes it but to him only, from all liability to the creditor with whom it is made, according to the terms thereof.”
 

 Section 8081, General Code, provides:
 

 “Such compromise or composition with an individual member of a firm shall not discharge the other partners, nor impair the' right of the creditor to proceed against members of the partnership who have not been discharged. A member of the partnership-so proceeded against, may set off any demand against the creditor which could have been set off had the-suit been brought against all the individuals composing the firm.”
 

 Section 8083, General Code, provides:
 

 “Such compromise or composition of. a member of' a firm with a creditor of such firm shall in no wise affect the right of the other partners to call on the member who makes if for his ratable portion of such; partnership debt. ’ ’
 

 Section 8084, General Code, provides:
 

 “The foregoing provisions in reference to partners-shall extend to other joint debtors, who individually may compound or compromise for their joint indebtedness, with the same effect in reference to creditors and to joint debtors of the individual so compromising, as is above provided in reference to partners.”
 

 The allegations of the petition are that the statements made by the defendant, with reference to the action of the plaintiff, were in effect simply that she-was availing herself of her rights under the law,.
 
 *653
 
 which, of course, cannot be construed as'a slanderous statement.
 

 The second statement alleged to have been made by the defendant, upon which the plaintiff bases her charge of slander, is that the plaintiff was “undertaking to use trust funds in her care to pay her own personal debts and to obtain such separate settlement upon said judgment by using trust funds belonging to her son.” Although it is alleged that this was a false and malicious statement, there is no claim asserted that the use of such trust funds, if accomplished, would have been unlawful or unauthorized. There is no charge of any wrongful act, but only .of a possible attempt or intent.
 

 The petition alleging merely that defendant said that the plaintiff was attempting to use certain funds without stating that she had no right or authority to use them, or setting forth that such attempt was for any reason wrongful, .states no cause of action in slander. Under the allegations of the petition not even the elements of a crime were charged against the plaintiff or that what she intended to do was wrong. The authorities are uniform to the effect that even if the petition alleges an intent, or an attempt to commit a crime, it fails to charge a slander, for mere intention is not a violation of law. See Prosser on Torts, 799. See, also, 3 Restatement of Torts, 172, Section 571, where the rule applicable is well stated as follows:
 

 “It is not necessary that the charge be made in technical language. It is enough that the language used imputes to the other the criminal offense. On the other hand, it is not enough merely to suggest that another is capable of committing a crime or that he would commit it if sufficient opportunity were presented. Neither is it sufficient to charge another with
 
 *654
 
 a criminal intention
 
 or
 
 design, if no criminal act is charged.” .
 

 No cause of action having been stated in the petition in favor, of the plaintiff against the defendant, the demurrer to the petition was properly sustained.
 

 Whether the' damages alleged are in their nature general or special becomes unimportant.
 

 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Turner, Hart, Zimmerman, Sohngen. and Stewart, JJ., concur.